Submitted on record and briefs April 11, affirmed April 24, 1968

# STATE OF OREGON, *Respondent, v.*
# DANNY LaVERN DEVLIN,
# HENRY LaVERN DEVLIN,
*Appellants.*
439 P. 2d 1008

John Marvin Kuhn, Deputy Public Defender, and Gary D. Babcock, Public Defender, Salem, for appellants.

Michael S. Killoran, District Attorney, and Robert M. Burrows, Deputy District Attorney, Grants Pass, for respondent.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

This is an appeal by defendants Henry and Danny Devlin from a conviction of the crime of burglary not in a dwelling house. ORS 164.240.

Defendants allege there was insufficient evidence to establish a breaking and entering or their connection with the crime.

A small cabin used for equipment storage was broken into some time between January 20, 1967, a Friday, and January 22, 1967, a Sunday. Various equipment was taken from the cabin. The cabin could be reached only by a one-lane dirt road.

Witnesses testified that a Chevrolet owned by Henry was seen on this road going and coming from the area of the theft on January 21, 1967, a Saturday, at about 4:00 p.m. There was testimony that Danny was driving the car. From other testimony one could infer that Henry was also in the car, for he was positively identified as being in the car 3.5 miles away within a few minutes of the time stated above. The stolen property was found in Danny's garage three days after the theft.

*State v. Walker*, 244 Or 404, 417 P2d 1004 (1966), is in point. The court said:

"Circumstantial evidence alone is sufficient to establish any necessary element of a crime * * * and, therefore, entry, like any other element of the corpus delicti of the crime of burglary, need not be proven by direct evidence, but may be established by circumstantial evidence." *State v. Walker,* 244 Or at 410.

■ Defendants had, individually or together, possession of the stolen equipment; were seen in the area and going and coming from the remote cabin. No other people were seen on the road and the road was blocked by a pickup truck most of the time. Defendants were seen when leaving the area of the cabin driving through a mud hole and up a water ditch at unreasonable speed in order to get around the truck.

From the circumstances it would be surprising if a jury did not reach the conclusion that the defendants committed the crime.

Judgment affirmed.